**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RONALD BARRY EVANS, #11086**                                                                 **PETITIONER**

**VERSUS**                                                   **CIVIL ACTION NO. 3:10-cv-196-DPJ-FKB**

**DALE CASKEY**                                                                                   **RESPONDENT**

<u>ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Ronald Barry Evans, an inmate at the East Mississippi Correctional Facility, Meridian,

Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**I.  Background**

Petitioner states that he was convicted of failure to register as a sex offender on February

5, 2007, in the Circuit Court of Scott County, Mississippi.  Pet. [1] at 1.  Subsequently, Petitioner

was sentenced to five years in the custody of the Mississippi Department of Corrections

(MDOC).  *Id.*  Petitioner argues as grounds for habeas relief that he has incorrectly been denied

earned time credit as a result of the nature of his conviction.  Pet. [1] at 2.  Further, Petitioner

complains that his sentence computation sheet initially reflected a date on which he would be

released on earned release supervision (ERS), however, his sentence computation sheet was

subsequently changed to reflect that Petitioner would not be released on ERS.  Resp. [6] at 1-2.

Petitioner finally contends that he should be allowed to accrue earned time credits pursuant to

Mississippi Code Annotated sections 47-5-138(5), 47-5-138.1 and 47-5-142.[1]  Resp. [8] at 1.  In

---

[1]  The statutes cited by Petitioner pertain to earned-time allowance and when a prisoner is
entitled to such time to be credited to their sentence.

sum, Petitioner finds issue with the calculation of his sentence.  As relief, Petitioner requests

monetary damages and a conditional discharge date of August 24, 2010.  Resp. [6] at 1-2.

## II. Analysis

After reviewing Petitioner's application for habeas corpus relief and applying a liberal

construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the

following conclusions.

### a. Request for habeas relief

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his

claims in state courts prior to requesting federal collateral relief.  *Sterling v. Scott*, 57 F.3d 451,

453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996).  Title 28, Section 2254 of the United

States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that—
>
> > (A)  the applicant has exhausted the remedies available in
> > the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective
> > process; or
> >
> > (ii)  circumstances exist that render such process ineffective
> > to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the meaning of
> this section, if he has the right under the law of the State to raise,
> by any available procedure, the question presented.

Simply stated, "[a]pplicants seeking federal habeas relief under § 2254 are required to

exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir.1999).  Yet Petitioner has informed the Court that he "has not presented this matter to any Mississippi state court."  Resp. [8] at 1.  Until he does so, and until the claims are ultimately presented to the state's highest court in a procedurally proper manner, the claims will remain unexhausted.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The petition must therefore be dismissed.

### b.  Request for monetary damages

Petitioner originally filed this action seeking habeas relief; however, his response [8] purports to amend his petitioner to seek monetary damages under 42 U.S.C. § 1983. The sole function of a writ of habeas corpus is to grant relief from unlawful imprisonment or custody. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976).  When a state prisoner seeks damages, he attacks something other than the fact or duration of his confinement, and he seeks something other than immediate or more speedy release.  *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Thus, a civil rights action under § 1983 is the appropriate or available federal remedy for a damages claim.  *Id.*

But Petitioner's potential claim under § 1983 is not ripe.  A judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," and he has not demonstrated that the conviction or sentence has previously been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The *Heck* doctrine applies to § 1983 claims by state prisoners challenging the validity of sentence calculations.  *See Edwards v. Balisock,* 520 U.S. 641 (1997).  Petitioner's sentence has not been invalidated, and his claims are barred at this time.  *See Horner v. Johnson*, No. 3:04-cv-0003-L, 2005 WL 26846 (N.D. Tex. Jan. 4, 2005) (holding that the rules in *Heck* and *Balisok* apply to a challenge to sentence calculation).

### III.  Conclusion

In sum, Petitioner's request for habeas relief is dismissed without prejudice based on his failure to exhaust his state court remedies.  Petitioner's request for monetary damages is dismissed with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F. 3d 423, 424 (5th Cir. 1996).

Since Petitioner's request for monetary damages will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)[2], the dismissal of this claim will be counted as a "strike".  *See Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]  *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996), claims dismissed pursuant to *Heck* are properly dismissed as frivolous until the *Heck* conditions are met.